Case 2:24-cv-00284   Document 24   Filed on 04/15/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00284 |
| | § | |
| MICHAEL BROOKS, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 18). The M&R recommends that the Court dismiss Plaintiff's claims with prejudice and instruct the Clerk of Court to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas. *Id.* at 5. Plaintiff has filed written objections to the M&R. (D.E. 21).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). As to any portion for which no objection is

filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The M&R details the procedural history of this case. (D.E. 18, p. 1–5). Particularly relevant here, the M&R notes that Magistrate Judge Hampton previously ordered Plaintiff to file an amended complaint addressing a series of identified deficiencies with his complaint. *Id.* at 2–3. Plaintiff indicated that he understood this instruction. *Id.* at 4. Nevertheless, Plaintiff has failed to file an amended complaint. Accordingly, and because "Plaintiff's complaint is set forth in a stream of consciousness narrative that is unorganized, confusing, and difficult to decipher," the M&R recommends dismissal of Plaintiff's complaint for various deficiencies, including failure to state a claim. *Id.* at 2, 5.

In his objections, Plaintiff does not attempt to cure the deficiencies identified by the M&R. *See generally* (D.E. 21). Instead, he spends the lion's share of his filing discussing reasons why he feels that "[his] case has not been taken serious in the name of Justice and been subjected to extreme cursory screening process." *Id.* at 1. As the M&R noted, Plaintiff was afforded the opportunity to replead his complaint after Magistrate Judge Hampton provided detailed descriptions of why and how his complaint was deficient. (D.E. 18, p. 2–3). He was aware of that opportunity and the consequences that could attend a failure to amend (or alternatively, withdraw).[1] *Id.* at 4. This belies Plaintiff's assertion that the screening process for his claim has

---

[1] Plaintiff also asserts that he "was denied writing and legal materials to meet court deadlines between dates December 20, 2024 . . . and Feb[ruary] 10, 2025." (D.E. 21, p. 1). Plaintiff appeared by telephone before Magistrate Judge Libby on December 23, 2024. (D.E. 18, p. 3). At that hearing, Plaintiff indicated he understood the ramifications of failing to amend or withdraw complaints before Magistrate Judge Libby which suffer from many of the same defects as his complaint in this case. *Id.* at 3–4. This hearing falls within the date range during which Plaintiff now claims he was denied materials to meet court deadlines. Yet, Plaintiff did not mention this problem to Magistrate Judge Libby. He did not seek an extension of the deadline to amend his complaint. And he has not proposed amendments to address the deficiencies in his complaint. *See* (D.E. 21). At the same time, in another case, Plaintiff successfully moved for an extension of the deadline to file objections on December 22, 2024. *Havens v. Chapa, et al.*, 2:24-CV-00105 (S.D.

been cursory.

Liberally construed, the most Plaintiff offers that is relevant to merits of his case is the assertion that "[t]his case is relating to 6th Amendment violation of right to [counsel] and excessive force with threats of excessive force which were acted upon." (D.E. 21, p. 1). Again, Plaintiff's unsubstantiated assertion does not suffice to state a claim. Put differently, Plaintiff needed to plead facts to support his assertion that his Sixth Amendment rights were violated and/or he was subject to excessive force. Despite being given the opportunity to amend his complaint, Plaintiff has failed to do so. Accordingly, the Court **OVERRULES** his objections.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 21), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 18). Accordingly, the Court **DISMISSES with prejudice** Plaintiff's complaint. (D.E. 1). Further, the Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 15th, 2025

---

Tex. January 6, 2025) (D.E. 77). The Court **OVERRULES** any objection based on a purported denial of access to writing and legal materials.